UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARC RISPERS,  :
           Petitioner,  :
             :  **MEMORANDUM OPINION**
v.  :  **AND ORDER**
             :
MICHAEL CAPRA,  :  18 CV 4604 (VB)
           Respondent.  :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated October 26, 2021 (Doc. #11), on Marc Rispers's pro se petition for a writ of habeas corpus. Petitioner was convicted after a jury trial in Supreme Court, Westchester County, of robbery in the first degree related crimes, and sentenced principally to twenty years' imprisonment as a second violent felony offender.

    Judge Davison recommended that the Court deny the petition in its entirety. Specifically, Judge Davison found that (i) petitioner failed to demonstrate that the prosecution either intentionally or inadvertently failed to disclose evidence favorable to petitioner in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (ii) petitioner's sentence was not cognizable on habeas review.

    For the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

    Familiarity with the factual and procedural background of this case is presumed.

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after

1

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1988). Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner did not object to Judge Davison's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and the underlying record and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

The Clerk is further instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: December 20, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

3